Carolyn J. Johnsen – 011894
cjjohnsen@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2696

*Attorneys for Legg Mason Real Estate CDO I, Ltd.*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>BAY CLUB PARTNERS-472, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-30394-rld11<br><br>**DECLARATION OF GLENN A. SONNENBERG IN SUPPORT OF OBJECTION TO DEBTOR'S MOTON FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL**<br><br>**Hearing Date: January 31, 2014**<br>**Hearing Time: 10:00 a.m.** |

I, Glenn A. Sonnenberg, under penalty and perjury of law, declare and state as follows:

1. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge of the facts set forth in this Declaration

2. I am a Director of Legg Mason Real Estate CDO I, Ltd. ("Legg Mason") which holds a secured claim against the Debtor in the amount of at least $26,913,126. I am familiar with the loan, loan documents and the operation of the real property, an apartment complex located in Mesa, Arizona and the subject of this bankruptcy.

3. On or about November 15, 2005, Legg Mason Real Estate Capital II, Inc. loaned to the Debtor $23,600,000 as evidenced by a Promissory Note (the "Note") of the same date and as subsequently amended by four amendments, the last dated February 1, 2009 (the "Amendments"). The Note is secured by among other things a Deed of Trust, Security Agreement and Financing Statement dated November 15, 2005, as amended by the Amendments (the "Deed of Trust") recorded in the Official Records of Maricopa County, Arizona; a Lockbox Agreement dated November 15, 2005, as amended by the Amendments; and other related documents all of which are referred to as the "Loan Documents." The Loan Documents and all rights and interests therein have been assigned to Legg Mason.

4. Pursuant to the Loan Documents, Legg Mason has a perfected first position lien on the Property including among other things the Land, Improvements, Reserves, and Rents and Profits as defined in the Loan Documents.

5. Prior to the filing of this bankruptcy, the Debtor was in default under the Loan Documents by among other things, a) failing to make its monthly payment due January 1, 2014 in the approximate amount of $101,135 plus net cash flow, and b) by diverting rents and profits required to be paid to Lender in the amount of at least $40,000. The Loan Documents specify March 1, 2014 as the maturity date of the loan.

6. As a result of such defaults, Legg Mason has accelerated the Debtor's obligations under the Loan Documents. Thus, as of the petition date, Debtor is indebted to Legg Mason in the amount of at least $26,913,126 plus any and all accrued and accruing interest, costs and fees.

7. Pursuant to paragraph 1.14 of the Deed of Trust, Debtor assigned to Legg Mason all existing and future rents and profits. Lender granted to the Debtor a license to collect and receive the Rents and Profits which license terminated upon Debtor's default. The Rents and Profits are Legg Mason's "Cash Collateral."

8. Legg Mason objects to the Debtor's request for authority to use Legg Mason's Cash Collateral. Legg Mason received notice of this bankruptcy and Preliminary Hearing late morning on January 29th and has had insufficient time to respond in detail to Debtor's request. Legg Mason will consent to the interim use of its Cash Collateral for the payment of emergency expenses necessary to maintain the real property in question on a short-term basis until a final hearing can be held.

9. For purposes of the Debtor's request for temporary authority to use cash collateral, Lender is not opposed to payment of necessary and immediate Property expenses until this Court can conduct a final hearing. However, these must be actual expenses and not those reflected in the inflated Budget presented as Exhibit 1 to the Debtor's motion.

10. The Debtor's budget is over $60,000 higher per month than the Debtor's historical expense payments. Notably, the Debtor's historical expenses have typically been high in market comparison for multi-family projects such as the Property. The Debtor has offered no explanation as to its excessive increase. The Property is currently 91 percent (91%) leased and has been for 3 to 4 years. It has no deferred maintenance, and it is considered a stabilized asset with no need for renovation. By comparison (monthly):

| | | |
|---|---|---|
| Repairs and Maintenance | Historical $20,248 | Budget $32,000 |
| Supplies | Historical $9,229 | Budget $15,000 |
| Turnover Expense | Historical $11,860 | Budget $20,000 |
| Total Operating Costs | Historical $172,083 | Budget $234,833 (avg.) |
| Replacement Reserves | Historical $17,326 | Budget $47,000 |

11. Many of the expenses identified on the Budget are not critical to ongoing operations for an interim time period. Thus, Legg Mason would consent solely to payments based on proper invoices/bills for the following: a) payroll, so long as no payments are made to insiders; b) utilities; c) third party management fees; d) insurance; e) real property taxes and (f) minor repairs and maintenance, not to exceed $10,000 in a two-week period.

12. Other categories of expenses are unnecessary for the short term. Moreover, several of the categories of expenses are vague and Legg Mason has had insufficient time to question the Debtor about the expenses actually included. For example, the category "Office and General Administration" is generic and Legg Mason cannot determine whether this includes payment of any professional fees to which Legg Mason objects. Legg Mason believes advertising expenses may be paid to an insider and these payments are also objectionable.

13. As a condition, to the use of its Cash Collateral, Legg Mason requires the status quo for collection of rents and payment of expenses be maintained. Rents will continue to be deposited in an account maintained at Wells Fargo Bank. Payments will be authorized for disbursement from that account.

14. Debtor proposes to suspend debt service until April 2014 when it will pay Legg Mason $55,000. Debtor claims this amount represents the approximate average amount of interest owed Lender at the non-default rate. This is inaccurate and intentionally misleading.

15. The Loan Documents reflect a 2009 restructure of the loan to extend the loan to March 1, 2014 in order to provide an accommodation to the Debtor until the Property could stabilize. The interest rate was never reduced; rather, the Lender agreed to defer a portion of the interest payment for a short period of time. Lender agreed to temporarily reduce the minimum monthly payment to equal 2.5% + LIBOR per annum (approx. 2.75% reduced from approx. 6.75%) **plus** all net cash flow and the deferral of interest to the exit fee. The balance after the "pay rate" would be applied to the principal balance. Thus, for example, monthly **interest** payments paid by the Debtor for the past six months have averaged approximately $130,000. Debtor is now attempting to permanently reduce the interest rate, which never was the intent of either Debtor or Lender, in order for it to divert income to pay "expenses" that bear no relation to the property's historical expenses and pay money to the Debtor rather than the lender.

16. Any use of Legg Mason's Cash Collateral must be conditioned on the payment of all net revenue to Legg Mason.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 30th day of January, 2014.

_____
Glenn A. Sonnenberg

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DECLARATION OF GLENN A. SONNENBERG IN SUPPORT OF OBJECTION TO DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL** was served on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, the parties indicated as "Non-ECF" on the attached List of Interested Parties were served by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at _____, _____ on the date set forth below.

DATED this 30th day of January, 2014.

JENNINGS, STROUSS & SALMON, P.L.C.

By /s/ *Carolyn J. Johnsen - 011894*
Carolyn J. Johnsen
*Attorneys for Legg Mason Real Estate CDO I, Ltd.*

# LIST OF INTERESTED PARTIES

*In re Bay Club Partners-472-LLC*
*U.S. Bankruptcy Court Case No. 14-30394-rld11*

### ECF PARTICIPANTS

- **ALBERT N KENNEDY** al.kennedy@tonkon.com, leslie.hurd@tonkon.com; andy.haro@tonkon.com

- US Trustee, Portland USTP Region18.PL>ECF@usdoj.gov

### NON-ECF PARTICIPANTS

**SECURED CREDITOR**
LEGG Mason Real Estate CDO I, Ltd.
10880 Wilshire Blvd., #1750
Los Angeles CA 90024

LEGG MASON REAL ESTATE CDO I, Ltd.
c/o Latitude Management Real Estate Investors, Inc.Attn: Michael Schlesinger
350 S. Beverly Dr. #300
Beverly Hills CA 90212
Phone: 310-234-2100
Fax: 310-234-2450

**TOP 20 UNSECURED CREDITORS**

SMD Remodeling LLC
3102 57th Ave.
Phoenix, AZ 85031
Phone: 602-348-7989
Fax: 623-849-1671

HD Supply Facilities Maintenance, L.T.D.
POB 509058
San Diego, CA 92150-9058
Phone: 858-831-2573
Fax: 800-859-8889

IDT Landscaping LLC
1876 3rd St
Tempe, AZ 85281
Phone: 480-829-8530
Fax: 480-829-9395

J.R. McDade Co. Inc.
1102 N. 21st Ave.
Phoenix, AZ 85009
Phone: 602-955-9400
Fax: 480-951-3161

AZ Partsmaster
POB 23169
Phoenix, AZ 85063
Phone: 520-573-5828
Fax: 602-233-3607

AZ Brite Carpet Care
1602 N Gilbert Rd
Mesa, AZ 85203
Phone: 480-962-5876
Fax: 480-962-6134

Wildcat Fire Protection
2929 Clarendon Ave.
Phoenix, AZ 85017
Phone: 623-695-3609
Fax: 602-495-9291

Apartments Resurfacing
3039 W. Peoria Ave. C102 #115
Phoenix, AZ 85029
Phone: 602-468-0739
Fax: 602-955-6188

P & J's Painting Inc
273 S. Link Creek Rd.
Prescott, AZ 86303
Phone: 623-695-3609

Level One LLC
POB 671476
Dallas, TX 75267-1476
Phone: 864-331-4300
Fax: 800-866-8736

Rainforest Plumbing & Air
127 S. Weber Dr.
Chandler, AZ 85226
Phone: 480-615-7766
Fax: 866-760-6320

Sherwin Williams Co.
2760 E. Main St. #105
Mesa, AZ 85213-9275
Phone: 480-926-9793
Fax: 480-926-4969

Apartment Interior Supply
POB 41570
Mesa, AZ 85274
Phone: 480-694-7600
Fax: 480-964-7610

Maria Gonzales
dba Allshine Cleaning
POB 41253
Mesa, AZ 85274
Phone: 602-690-4632
Fax: 602-404-3508

Burns Pest Elimination Inc
2620 W. Grovers Ave.
Phoenix, AZ 85053
Phone: 602-971-4782
Fax: 602-870-4563

| Leslies Poolmart, Inc.<br>POB 501162<br>St. Louis, MO 63150<br>Phone: 602-366-3789 | Maintenance Supply Headquarters<br>POB 301451<br>Dallas TX 75303<br>Phone: 832-221-5910<br>Fax: 972-934-6101 | Koglmeier Law Group, PLC<br>715 Gilbert Rd #2<br>Mesa AZ 85203<br>Phone: 480-962-5353<br>Fax: 480-962-0010 |
|---|---|---|
| AAA Landlord Services, Inc.<br>POB 5960<br>Mesa AZ 85211<br>Phone: 480-668-5953<br>Fax: 480-668-7425 | | |

**UTILITIES**

| CenturyLink<br>POB 29040<br>Phoenix AZ 85038<br>Phone: 1877-744-4416<br>Fax: 800-366-2382 | City of Mesa<br>POB 1878<br>Mesa AZ 85211-1878<br>Phone: 480-644-2221<br>Fax: 480-644-2834 | Salt River Project<br>POB 80062<br>Prescott AZ 86304<br>Phone: 602-236-8888<br>Fax: 602-629-8379 |
|---|---|---|
| YES Energy Management, Inc.<br>2150 Lelaray Street<br>Colorado Springs CO 80908<br>Phone: 719-632-9100<br>Fax: 719-632-2265 | | |